[Cite as *Faren v. Lockart*, 2017-Ohio-405.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

Bethany Rose Faren, nka Bethany
Rose Chime

        Appellee

v.

Greg Lockhart, et al.

        Appellants

Court of Appeals No. E-16-034

Trial Court No. 2004-CV-0449

**<u>DECISION AND JUDGMENT</u>**

Decided:   February 3, 2017

* * * * *

Thomas R. Lucas, for appellee.

Greg Lockhart, pro se appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an accelerated appeal from a May 2, 2016 judgment of the Erie

County Court of Common Pleas, reviving a dormant July 21, 2004 cognovit judgment

against appellant for $31,075.00 pursuant to Civ.R. 4(F). For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 2} Appellant, Greg Lockhart, sets forth the following two assignments of error:

I. THE TRIAL COURT LACKS JURISDICTION TO REVIVE A DORM[A]NT JUDGMENT ON A COGNO[VIT] NOTE THAT WAS NOT SERVED ON DEFENDANT PURSUANT TO R.C. 2323.13 (C).

II. APPELLANT'S DUE PROCESS AND EQUAL PROTECTION RIGHTS ARE VIOLATED AND A JUDGMENT IS VOID WHEN A COGNO[VIT] NOTE WAS NOT SERVED ON DEFENDANT PURSUANT TO R.C. 2323.13 (C).

{¶ 3} The following undisputed facts are relevant to this appeal. In 2002, appellant was working at a local radio station located in Bellevue, Ohio. Appellant devised a plan to have a band known as "112" perform a concert at a local venue and charge an entry fee for concert tickets as a business venture.

{¶ 4} In connection to this plan, appellant approached several individuals affiliated with the radio station where appellant worked. Appellant solicited them, encouraging them to invest in the concert venture.

{¶ 5} Appellant represented to the potential concert investors that he was organizing a future performance by the band "112" at the Sandusky State Theatre. Appellant represented that a significant return on their investment would be realized. Following these discussions, appellee became interested in investing in appellant's

2.

concert plan. Appellee obtained legal counsel on the matter in an effort to protect her investment in the concert.

{¶ 6} On January 1, 2003, appellee, counsel for appellee, and appellant attended a meeting to discuss the investment. Counsel for appellee prepared a cognovit note and explained the terms and conditions of the note to appellant. The cognovit note covering appellee's investment was presented to appellant in exchange for the receipt of funds from appellee. Appellant affirmed his understanding to counsel for appellee, executed the cognovit note, and received appellee's funds.

{¶ 7} Subsequently, appellant's Sandusky State Theatre concert never materialized. Although the concert did not go forward, appellant failed to return appellee's investment and defaulted on the note.

{¶ 8} On July 21, 2004, appellee secured a judgment on the note against appellant through the Erie County Court of Common Pleas. On July 22, 2004, the trial court clerk sent notice of the judgment to appellant via certified mail at the address for appellant contained in the cognovit complaint, pursuant to the requirements set forth in R.C. 2323.13(C).

{¶ 9} However, appellant denied having received notice of the judgment at that time. Regardless, the record establishes that appellant did receive notice of the judgment via certified mail in 2006 in the course of collection efforts by counsel for appellee regarding the 2004 judgment. Counsel received the certified mail return receipt verification demonstrating that service was completed upon appellant. The record further

3.

reflects that appellant took no action of any kind in response to his receipt of the 2006 notification of the judgment against him.

{¶ 10} The record also showed that appellant repeatedly relocated without a forwarding address, thereby hindering appellee's ongoing collection efforts. On August 11, 2009, following appellant's relocations without forwarding information, the judgment became dormant by operation of law.

{¶ 11} At the beginning of 2016, appellee discovered a current mailing address for appellant. Accordingly, on January 22, 2016, appellee filed a Civ.R. 4(F) motion with the trial court to revive the dormant judgment. On January 25, 2016, it was granted. On February 2, 2016, appellant filed a motion to vacate. In support, appellant denied that he had received the motion to revive and did not have an opportunity to respond to it. On March 3, 2016, it was granted.

{¶ 12} Appellee subsequently received notice of service failure upon appellant reflecting that the certified mail to appellant had been unclaimed by appellant. Accordingly, on March 7, 2016, appellee requested the trial court to complete service upon appellant via regular U.S. mail, as permitted pursuant to Civ.R. 4.6(D).

{¶ 13} On March 10, 2016, service was completed upon appellant. Again, appellant did not respond and took no action. On May 2, 2016, the trial court granted appellee's motion to revive the judgment against appellant. This appeal ensued.

4.

{¶ 14} Both of appellant's assignments of error are rooted in the same legal premise that the trial court acted improperly in reviving the dormant judgment. Accordingly, we will simultaneously consider both assignments of error.

{¶ 15} Appellant argues on appeal that the trial court breached appellant's due process and equal protection rights in reviving the judgment and lacked the jurisdiction to revive the judgment. We do not concur.

{¶ 16} The record reflects that appellant's claims on appeal are conclusory and unsupported. Appellant furnishes no objective legal basis in support of this appeal. Rather, appellant incorrectly claims that the July 21, 2004 judgment, "[W]as never served on Mr. Lockhart as required." The record of evidence refutes such a claim.

{¶ 17} The record reflects that although service upon appellant may not have been technically completed in 2004 given appellant's avoidance efforts, on May 11, 2006, service was successfully made upon appellant via certified mail. On May 12, 2006, counsel for appellee received the certified mail service receipt verification. Following the successful certified mail service in 2006, appellant took no action in connection to the matter. On the contrary, appellant again moved and left no forwarding address.

{¶ 18} The record reflects that appellant inaccurately concludes, "Appellant was not notified of the judgment as required * * * Accordingly, the trial court lacked jurisdiction to revive the judgment entry and in doing so violated appellant's due process and equal protection rights." Again, the record belies these claims.

5.

{¶ 19} R.C. 2323.13(C) states, "Immediately upon entering any such judgment, the court shall notify the defendant of the entry of the judgment by personal service or by registered or certified letter mailed to him at the address set forth in the petition." The record in this matter clearly shows that the trial court clerk complied with this directive.

{¶ 20} The record reflects that notice of the cognovit judgment was sent to appellant at the address set forth in the complaint via certified mail the day after the judgment was entered. In addition, the record reflects that upon appellant relocating without a forwarding address in an ongoing effort to evade this matter, counsel for appellee prevailed in perfecting service of notice of the judgment via certified mail at a subsequent address of appellant. The verification of the certified return receipt was received by counsel for appellee.

{¶ 21} Lastly, we note that the Ohio Supreme Court opinion referenced by appellant in support of this matter is materially distinguishable from, and inapplicable to, the present case. The case of *Lathrem v. Foreman* 168 Ohio St. 186, 151 N.E.2d 905 (1958) pertained to a cognovit note case in which the plaintiff lost or misplaced the original cognovit note which served as a basis for the judgment requested. The *Lathrem* plaintiff was attempting to utilize a replication of the original document as the basis for a judgment. That is not the scenario in the instant case. The record clearly reflects that appellee possessed and utilized the original note in securing the judgment against appellant in this case.

6.

**{¶ 22}** On consideration whereof, we find that appellant has not shown that the trial court breached appellant's constitutional rights in any way or otherwise acted improperly in connection to the revival of the judgment.

**{¶ 23}** Wherefore, we find appellant's assignments of error not well-taken. The judgment of the Erie County Court of Common Pleas is hereby affirmed. Appellee's November 30, 2016 motion to this court for an award of certain legal fees and expenses is denied. Appellant is ordered to pay the cost of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                              _____
                                                        JUDGE

Thomas J. Osowik, J.

                                        _____

James D. Jensen, P.J.                                 JUDGE
CONCUR.

                                        _____
                                                        JUDGE

7.